# In the United States Court of Federal Claims

|                                      |                                      |
|--------------------------------------|--------------------------------------|
| **TYSON LEE BEVIRT,** *et al.*,      |                                      |
|     *Plaintiffs,* |                                     |
| v.                                   | No. 24-622                           |
| **THE UNITED STATES,**               | (Filed: February 2, 2026)            |
|     *Defendant.* |                                      |

*Lindsay S.C. Brinton, Meghan S. Largent, Michael Armstrong, Marlee L. Rowe*, Lewis Rice, LLC, St. Louis, Missouri, for Plaintiffs.

*LeeAnn Kim*, Trial Attorney, *Adam R.F. Gustafson*, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**HADJI,** *Judge*.

Plaintiffs move, pursuant to Court of Federal Claims Rule 59(a)(1), for reconsideration of the Court's opinion (ECF 57) ruling on the parties' cross-motions for summary judgment. *See* ECF 59. For the following reasons, Plaintiffs' Motion is **DENIED**.

## BACKGROUND[1]

On April 19, 2024, Plaintiffs—owners of property adjacent to and underlying a railroad corridor in Western North Carolina (the Corridor)—filed the instant action alleging that the Government had effectuated an uncompensated taking of their property when it converted the corridor for recreational trail use under the National Trail Systems Act, 16 U.S.C. §§ 1241-51. ECF 1; *see generally* ECF 10. After completing limited discovery on title issues, in January 2025, Plaintiffs filed a Motion for Partial Summary Judgment. ECF 24. Thereafter, the Government filed its Cross-Motion for Summary Judgment. ECF 27.

In disputing the nature of property interest held by the Blue Ridge Southern Railroad, LLC (the Railroad) at the time of the alleged taking, the parties principally disagreed about the nature of the original interest conveyed to the Hendersonville and

---

[1] The underlying facts are provided in the Court's summary judgment ruling and need not be repeated herein. *See* ECF 57 at 1-3.

Brevard Railway, Telegraph, and Telephone Company (HBR) in the late 1800s. Plaintiffs argued that HBR obtained an easement, based on the language of the source deeds, Plaintiffs' modern deeds, and modern plats describing Plaintiffs' fee simple interests. *See* ECF 24 at 25-33. The Government argued that the source deeds gave HBR the land in fee simple, which would negate Plaintiffs' property interests in that land at the time of the alleged taking. *See* ECF 27 at 16-23. Both parties agreed that the Railroad possessed the same interest as HBR. ECF 24 at 18 ("At each step of this process, the successor railroad obtained the same rights as its predecessor, such that the rights possessed by [the Railroad] in 2014 are the same as those obtained by HBR in 1894 and 1895."); *see* ECF 27 at 23 ("Blue Ridge Southern, as the successor in interest, possessed fee simple interest in the corridor….").

Having considered the parties' arguments, the Court denied Plaintiffs' Motion for Partial Summary Judgment and granted the Government's Cross-Motion for Summary Judgment. ECF 57 at 1. The central holding of the Court's opinion was the legal conclusion that "the Source Deeds granted HBR a fee simple conveyance, to which Plaintiffs retained no reversionary interest." ECF 57 at 9. Following from that conclusion, the Court found that "Plaintiffs ha[d] not established the existence of an essential element to their case for which they bear the burden of proof at trial." ECF 57 at 9 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Specifically, Plaintiffs had not "provided any connected chain of title or grant from the state, argued adverse possession, nor asserted title by estoppel or that was derived through a tenant." ECF 57 at 5-6. Absent any facts in the record that Plaintiffs, or their predecessors-in-interest, had somehow reacquired fee simple interest, the Court held that Plaintiffs lacked a property interest in the land at issue, thus ending the takings inquiry. *See* ECF 57 at 9.

Plaintiffs then filed a Motion for Reconsideration. *See generally* ECF 59. Plaintiffs request only reconsideration of the Court's grant of the Government's Cross-Motion for Summary Judgment, not of the Court's denial of Plaintiffs' Motion for Partial Summary Judgment. ECF 59 at 9. In support of their Motion, Plaintiffs submitted new evidence of title documentation to the Court. Specifically, in the months since the Court's decision, Plaintiffs engaged in a thorough chain of title search for two "representative properties." *See* ECF 59 at 22-23. For Agudas Israel Congregation Parcels A and B, Plaintiffs obtained chain of title back to 1909 and 1937, respectively. ECF 59 at 23. For the Cagle property, Plaintiffs obtained chain of title documents back to 1946. ECF 59 at 23. Plaintiffs attached these documents as exhibits to their Motion for Reconsideration. *See generally* ECF 59.

## **LEGAL STANDARD**

Rule 59 of the Court of Federal Claims governs motions for reconsideration and provides that the Court may grant a new trial or motion for reconsideration:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in

2

equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

Rule 59(a)(1). This Court has discretion to "grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)). "Newly discovered evidence is only such evidence as could not have been discovered by exercise of due diligence prior to rendition of decision." *Parsons ex rel. Linmar Prop. Mgmt. Tr. v. United States*, 174 F. App'x 561, 563 (Fed. Cir. 2006) (citing *Girault v. United States,* 135 F.Supp. 521, 524 (Ct. Cl. 1955)). A plaintiff seeking reconsideration must demonstrate "extraordinary circumstances," *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004), and may not use the motion as a tool to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995))

## DISCUSSION

Plaintiffs raise two objections to the Court's grant of the Government's Cross-Motion for Summary Judgment. First, based on the record at the time of the Court's decision, Plaintiffs argue that the Court erred by using an incorrect summary judgment standard and finding no genuine dispute of material fact in this case. *See* ECF 59 at 13. According to Plaintiffs, the modern deeds and boundary evidence raised a factual dispute that should not have been resolved in the Government's favor on summary judgment. ECF 59 at 21-22. Second, Plaintiffs provide new title search evidence not before the Court at the summary judgment stage, which Plaintiffs argue "confirm[s] that the Court's conclusion—that Plaintiffs lacked sufficient evidence of ownership—was mistaken, and that the dispute over ownership is well-documented, contested, and inappropriate for resolution at summary judgment." ECF 59 at 22. For the reasons discussed below, the Court concludes that neither argument meets the high bar to succeed on a Motion for Reconsideration.

### I. The Court applied the correct summary judgment standard to conclude that Plaintiffs had not shown a genuine dispute of material fact.

Plaintiffs argue that the Court misapplied the applicable legal standard when granting the Government's Cross-Motion for Summary Judgment. *See* ECF 59 at 24. Plaintiffs further argue that their modern deeds and boundary evidence raise a factual dispute that should not have been resolved in the Government's favor on summary judgment. ECF 59 at 21-22. The Government argues that the Court correctly applied the standard, holding Plaintiffs to the burden of proving facts sufficient to support a finding in

Plaintiffs' favor on the issue of ownership. ECF 62 at 16. The Court addresses each of Plaintiffs' claims in turn.

The Court begins by restating the summary judgment standard laid out in the Court's opinion:

> Rule 56(a) of the United States Court of Federal Claims states that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "[A]ll evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the nonmoving party." *Dairyland Power Coop. v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994).
>
> The Supreme Court has instructed that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis omitted). Disputes over facts that are not outcome-determinative will not preclude the entry of summary judgment. *Id.* at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*
>
> A summary judgment motion is properly granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A nonmovant will not defeat a motion for summary judgment "unless there is sufficient evidence favoring the nonmoving party for [the fact-finder] to return a verdict for that party." *Anderson*, 477 U.S. at 249. "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and

---

[2] Court of Federal Claims Rule 56(a) is the same as Federal Rule of Civil Procedure 56(a). Compare RCFC 56(a) with Fed. R. Civ. P. 56(a).

>entitles the moving party to summary judgment as a matter of law." *Dairyland Power*, 16 F.3d at 1202.

ECF 57 at 3-4.

Plaintiffs do not identify any misstatement of law in the Court's description of the legal standard for summary judgment. Rather, they take issue with the Court's application of the relevant standard when granting the Government's Cross-Motion. Plaintiffs first point to the Court's statement that "Plaintiffs had failed to 'adequately allege, let alone prove' their claims under *Mobley*." ECF 59 at 15 (quoting ECF 57 at 5).

Plaintiffs' complaint overlooks the procedural posture of this case and the context of the statement. Because the Court was resolving cross-motions for summary judgment, Plaintiffs wore two hats at the summary judgment stage—one as movants and one as non-movants. As movants, Plaintiffs had to "show[] that there is no genuine dispute as to any material fact" as to the issue of ownership. Rule 56(a). But Plaintiffs went even further than that standard in their Motion for Summary Judgment, arguing that their modern deeds left "no question" as to ownership. ECF 24 at 25; *see also* ECF 57 at 5 (quoting this language). They maintained that their "deeds to their property **definitively prove** they own the land" at issue. ECF 24 at 10 (emphasis added). The Court's use of the phrase "let alone prove" was in response to these bold claims and in rejection of Plaintiffs' request for summary judgment. Accordingly, Plaintiffs' complaint is misguided because it is directed at the Court's decision not to grant summary judgment in Plaintiffs' favor, a conclusion Plaintiffs explicitly are not challenging.[3] ECF 59 at 9.

Turning to the Court's treatment of Plaintiffs as non-movants, Plaintiffs bore a different burden. When considering the Government's Cross-Motion, the Court concluded as a matter of law that the source deeds conveyed a fee simple interest to HBR in the late 1800s. ECF 57 at 9. The burden then shifted to Plaintiffs to "make a showing sufficient to establish" present ownership, because Plaintiffs would "bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As the Court explained, Plaintiffs' modern evidence did not meet that burden. Once the Court concluded that HBR had been granted a fee simple interest, Plaintiffs could only prove present ownership by defeating the Railroad's title. Unfortunately, for Plaintiffs, the Court noted that "Plaintiffs ha[d] not provided any connected chain of title or grant from the state, argued adverse possession, nor asserted title by estoppel or that was derived through a tenant." ECF 57 at 5-6. The Court also found that Plaintiffs "offer[ed] no proof of any common source of title." ECF 57 at 6. Plaintiffs now claim that the Government did not show that HBR's interest "remains with its successor." ECF 59 at 15. But Plaintiffs conceded that argument at summary judgment when they conceded that "[a]t each step of this process, the successor railroad obtained the

---

[3] Notably, despite complaining of the Court's language, Plaintiffs acknowledged that they bore the burden to demonstrate that they held a Fifth Amendment property interest. ECF 31 at 11-12 ("Plaintiffs are firmly aware of their burden to establish an ownership interest in the relevant parcels of land" and "[h]aving agreed to the burden, the Parties now disagree as to whether … Plaintiffs own the property ….")

same rights as its predecessor, such that the rights possessed by [the Railroad] in 2014 are the same as those obtained by HBR in 1894 and 1895." ECF 24 at 18. In that light, the record lacked sufficient facts for the Court to find Plaintiffs had legally defeated the Railroad's ownership, and the Government was entitled to summary judgment.

Plaintiffs also claim that the Court evaluated the parties' burdens asymmetrically, arguing that the Court applied an incorrect heightened burden by concluding that Plaintiffs "failed to prove ownership." ECF 59 at 15 (citing ECF 57 at 5). This assertion is incorrect. As an initial matter, Plaintiffs incorrectly attribute this quote to the Court's opinion. This phrase is nowhere to be found in the opinion. The Court's only relevant use of the word "prove" was the use discussed in detail above, which Plaintiffs have mischaracterized. *See* ECF 57 at 5. And again, the Court understands this complaint from Plaintiffs to be about the Court's decision not to grant Plaintiffs' Motion for Summary Judgment.

Substantively, the Court did not require that Plaintiffs prove ownership in order to defeat the Government's Motion for Summary Judgment. The Court concluded, as a matter of law, that the applicable source deeds conveyed a fee simple interest to HBR. ECF 57 at 7-9. This legal conclusion is the target of Plaintiffs' true complaint, as it constrained the range of material facts on which Plaintiffs could raise a genuine dispute. As the Court described, "Plaintiffs have not provided any connected chain of title or grant from the state, argued adverse possession, nor asserted title by estoppel or that was derived through a tenant." ECF 57 at 5-6. Plaintiffs' modern deeds and other related evidence did not generate a genuine dispute of any *material* facts because they do not displace the dispositive legal conclusion at issue—that the original deeds conveyed a fee simple interest to HBR. Specifically, Plaintiffs' modern deeds and related evidence appear to be undisputed records of what is recorded in "deeds, plats, GIS renderings…, and corresponding tax records." ECF 59 at 16. But those facts alone—even construed in Plaintiffs' favor—are insufficient for a fact-finder to conclude that they held valid title against the Railroad's fee simple interest. *See Anderson*, 477 U.S. at 249 (1986).

Plaintiffs point to *Abbott*, a rails-to-trails case from a different jurisdiction (Missouri), for the proposition that conflicts between modern deeds and source deeds raise a genuine dispute of material fact. ECF 59 at 16 (citing *Abbott v. United States*, 162 Fed. Cl. 445 (2022)). In that case, the Court found source deeds insufficient to justify summary judgment in the Government's favor because "[a]bsent more facts in Defendant's favor, … the source deeds are insufficient evidence for a reasonable factfinder to conclude that the Railroad interest in these parcels did not change over time." *Abbott*, 162 Fed. Cl. at 458. But that uncertainty does not exist in this case. At the summary judgment stage, Plaintiffs conceded that "the rights possessed by [the Railroad] in 2014 are the same as those obtained by HBR in 1894 and 1895." ECF 24 at 18. Plaintiffs, having chosen to only contest the validity and nature of that original interest, cannot now complain that the Court did not grant them an inference they expressly disclaimed.

But even if Plaintiffs' concession is not as broad as it seems, the Court finds *Abbott* unpersuasive on the facts of this case. Specifically, the Court finds that Plaintiffs were not

6

entitled to an inference that the Railroad's interest had changed from a fee simple to an easement. At the summary judgment stage, the Court must "draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). Here, the Court concluded as a matter of law that the source deeds conveyed a fee simple interest. ECF 57 at 9. At the summary judgment stage, Plaintiffs did not allege or identify any transaction purporting to convey part of that interest back to Plaintiffs, choosing instead to rely on arguments that the source deeds conveyed only an easement or were somehow infirm. *See* ECF 24 at 27-32; ECF 31 at 21-24. For this Court to have granted Plaintiffs an inference they did not ask for, in the face of no evidence, would not have been reasonable. The Court would have had to look past Plaintiffs' representations to conclude that a predecessor of the Railroad had ceded its fee simple interest to some or all Plaintiffs, in exchange for a mere easement. The logical leap required for this conclusion is a bridge too far for this Court. At a minimum, the fact that the Court did not make this inference *sua sponte* was not clear legal error under the circumstances. *Biery*, 818 F.3d at 711.

Finally, to the extent this question presents a close call, Plaintiffs' additional evidence introduced at the reconsideration stage confirms that the Railroad's interest did not change over time. As discussed in greater detail below, Plaintiffs' additional evidence is not appropriate at the reconsideration stage. But even so, Plaintiffs' chain of title evidence does not show any intervening change in the fee simple interest conveyed by the source deeds. This confirms that there is no manifest injustice stemming from the Court's grant of summary judgment.

In short, at the summary judgment stage, Plaintiffs chose to contest only the validity and nature of the Railroad's original interest from the source deeds. Once the Court concluded that the source deeds conveyed a fee simple interest to the Railroad's predecessor, Plaintiffs failed to provide facts to enable the Court to conclude that Plaintiffs obtained any of that interest. As a result, the Court was correct to grant summary judgment in favor of the Government. At the very least, this conclusion involved neither clear legal error nor manifest injustice, as required to grant a Motion for Reconsideration. *See Biery*, 818 F.3d at 711.

> II. **Plaintiffs' new title search evidence is not appropriate for the reconsideration stage, but none of the evidence supports an inference that Plaintiffs defeat the Railroad's fee simple title.**

Plaintiffs' Motion for Reconsideration includes almost 150 pages of additional evidence not presented prior to summary judgment. *See* ECF 59 at 22-23 (referencing Exhibits MM and NN). In apparent recognition that the Court cannot properly consider this evidence, Plaintiffs say that "[t]hese documents are not presented as new evidence for reconsideration's sake, but to clarify and substantiate what was already in the record." ECF 59 at 23. In response, the Government argues that this evidence cannot be considered at this stage, and alternatively that none of the additional evidence shows a reconveyance of

7

the Railroad's title to any Plaintiffs. *See* ECF 62 at 16. The Court agrees with the Government that this evidence is not appropriate for introduction at the reconsideration stage, but nonetheless the evidence does not enable the Court to infer that Plaintiffs defeat the Railroad's fee simple title. Therefore, the Court's grant of summary judgment was proper and involved neither clear legal error nor manifest injustice.

At the reconsideration stage, Plaintiffs can only raise new evidence that "could not have been discovered by exercise of due diligence prior to rendition of decision." *Parsons*, 174 F. App'x at 563 (citing *Girault,* 135 F.Supp. at 524). "Litigants should not, on a motion for reconsideration, be permitted to attempt an extensive retrial based on evidence which was manifestly available at [the] time of the hearing." *Parsons*, 174 F. App'x at 563 (alteration in original) (quoting G*elco Builders & Burjay Constr. Corp. v. United States*, 177 Ct. Cl. 1025, 1036 n. 7 (1966)).

Plaintiffs' chain of title evidence is precisely the kind of evidence that is not proper for the reconsideration stage. It certainly could "have been discovered by exercise of due diligence prior to" summary judgment. *See Parsons*, 174 F. App'x at 563 (citing *Girault,* 135 F.Supp. at 524). Plaintiffs do not dispute the evidence's prior availability. *See* ECF 59 at 22. In fact, Plaintiffs confess that they did not seek out this evidence because it is not usually required in rails-to-trails cases and is expensive to obtain. *See* ECF 59 at 22. The Court is sympathetic to these reasons, but the fact remains that this evidence is not appropriate for introduction at the reconsideration stage.

Even if the Court were to consider Plaintiffs' new chain of title evidence, the Court does not find that any of the new evidence permits the Court to infer that Plaintiffs either obtained the Railroad's interest or hold superior title to the Railroad. Plaintiffs present two chains of title for the Agudas Israel Congregation parcels, dating to 1937 and 1909. ECF 59 at 23. The 1937 deed refers to the "Southern Railroad Right of Way," and the 1909 deed refers to a right of way "12½ feet wide from center of R.R." ECF 59 at 23. Plaintiffs also submitted a 1946 deed for the Cagle property, which describes a similar property boundary "beginning 12½ feet from the centerline." ECF 59 at 23. Plaintiffs represent that the Cagle title search was not yet complete as of the filing of the Motion for Reconsideration. ECF 59 at 23.

"[A]lthough 'discerning the intent of the parties is the ultimate goal in construing a deed,' we look to the language of the deed for evidence of this intent." *Cnty. of Moore v. Humane Soc'y of Moore Cnty., Inc.*, 578 S.E.2d 682, 685 (N.C. App. 2003) (quoting *Station Assocs., Inc. v. Dare Cnty.*, 513 S.E.2d 789, 794 (N.C. 1999)); *see also Dull v. Dull*, 61 S.E.2d 255, 257 (N.C. 1950) ("In the interpretation of a deed, the intention of the grantor must be gathered from the four corners of the instrument."). As the Court explained in its Opinion, the language of the Source Deeds reflects an intent to convey—and the actual conveyance of—a fee simple interest to the Railroad over the land in the Corridor. *See* ECF 57 at 7-9. Plaintiffs' additional evidence includes only deeds by parties purporting to have ownership of the Corridor, yet none of the deeds show a conveyance by the Railroad to any Plaintiffs. Having concluded as a matter of law that the source deeds conveyed the Corridor

in fee simple, the Court cannot grant deference to deeds by other parties purporting to convey easements on that land where the conveyors did not have title to convey in the first place. *See Miller v. Tharel*, 75 N.C. 148, 152 (1876) ("The general rule of law is undoubted that no one can transfer a better title than he himself possesses."). The newly submitted deeds do not raise a dispute of a material fact, because they are legally insufficient to defeat the Railroad's fee simple interest. Therefore, even considering Plaintiffs' late-submitted evidence, the Court concludes that reconsideration of the grant of summary judgment for the Government is unwarranted. At the very least, this evidence does not reflect the presence of clear legal error or manifest injustice.

In their Reply, Plaintiffs urged the Court to reopen discovery, based on a discretionary judgment in a similar case. ECF 63 at 19-20. In that case, the Court initially granted partial summary judgment in favor of the Government on the question of adjacency, *see Loveridge v. United States*, 149 Fed. Cl. 64, 82 (2020), but on a motion for reconsideration made the discretionary choice to reopen discovery on the limited basis of proving adjacency, *see Loveridge v. United States*, 150 Fed. Cl. 123, 127 (2020). In deciding to reopen discovery, the Court noted that it "previously left similar ownership issues open following summary judgment briefing where the record 'lack[ed] any evidence regarding' ownership, but where 'it appear[ed] that such evidence could be produced.'" *Loveridge*, 150 Fed. Cl. at 127 (quoting *Anderson v. United States*, 147 Fed. Cl. 661, 688 & n.26 (2020)). Here, for the reasons discussed above, the Court finds that reopening discovery would not be in the interest of judicial efficiency and efficient resolution of the matter at hand. Accordingly, the Court declines to exercise its discretion to reopen discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (ECF 59) is **DENIED**.

**IT IS SO ORDERED.**

PHILIP S. HADJI
Judge

9